## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 08 B 14865 |
| | ) | Chapter 13 |
| RAY D. HARRISON and ROSE M. | ) | Judge John H. Squires |
| HARRISON, | ) | |
| | ) | |
| Debtors. | ) | |

### MEMORANDUM OPINION

These matters come before the Court on the objection to confirmation filed by AmeriCredit Financial Services, Inc. ("AmeriCredit") and on the modified Chapter 13 plan (the "Modified Plan") filed by Ray D. Harrison and Rose M. Harrison (collectively, the "Debtors") on June 26, 2008. For the reasons set forth herein, the Court concludes that the Modified Plan, with the addition of certain special terms, shall be confirmed and the objection of AmeriCredit is overruled.


### I.  JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (L).


### II.  FACTS AND BACKGROUND

The Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on June 10, 2008 (the "Petition Date"). In the four years preceding the commencement of this case, the Debtors commenced a prior case under Chapter 13 (Case No. 04 B 41282), which was

-2-

ultimately converted to Chapter 7 on August 31, 2005. The Debtors were awarded a discharge in the previously filed case on January 23, 2006. Hence, they are ineligible for a discharge in this case pursuant to 11 U.S.C. § 1328(f).

In the instant case, AmeriCredit, a secured creditor of Debtor Ray D. Harrison, has objected to the Debtors' Modified Plan. Pursuant to the Retail Installment Contract dated March 11, 2006 (the "Contract"), AmeriCredit has a lien on Mr. Harrison's 2006 Chevrolet Trailblazer, which was purchased within 910 days prior to the Petition Date. The Contract required Mr. Harrison to tender $492.07 per month, with an interest rate of 22.25%. The Modified Plan asserts AmeriCredit's secured claim is $15,147 and proposes to pay AmeriCredit 6.25% interest on that principal amount over the life of the Modified Plan. AmeriCredit argues that the Modified Plan is not confirmable because it fails to propose sufficient payments to AmeriCredit on its secured claim as "determined under nonbankruptcy law." 11 U.S.C. § 1325(a)(5)(B)(i)(I)(aa).

### III. DISCUSSION

The issue presented in AmeriCredit's objection is whether the lien retention provision in 11 U.S.C. § 1325(a)(5)(B)(i), which was added by the amendments to the Bankruptcy Code pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, prevents a Chapter 13 debtor who is not entitled to a discharge from modifying the interest rate of a secured creditor's "910 claim."[1] The Court is aware of three published decisions of bankruptcy judges

---

[1] A "910 claim" is a claim held by a secured creditor that extended financing for a vehicle within 910 days preceding a debtor filing for bankruptcy, which subjects the debtor to the "hanging paragraph" at the end of 11 U.S.C. § 1325(a). A secured creditor holding a 910 claim is immune from lien stripping.

-3-

in the Seventh Circuit that have each reached different results when confronted with this specific issue. Two of the decisions are from this district and the most recent is from the bankruptcy court of the Central District of Illinois. Clearly, the case law on this matter is in conflict in this Circuit.

For the following reasons, the Court concludes that *In re Hopkins*, 371 B.R. 324 (Bankr. N.D. Ill. 2007) properly held that a debtor who is not eligible for a discharge may still alter the terms of a secured creditor's loan. However, *Hopkins'* analysis of "payment of the underlying debt determined under nonbankruptcy law," respectfully, did not consider fully the post-plan appropriate treatment of that secured creditor's claim. 11 U.S.C. § 1325(a)(5)(B)(i)(I)(aa). Rather, the Court follows the reasoning of *In re Lilly*, 378 B.R. 232 (Bankr. C.D. Ill. 2007). Therefore, the Debtors may modify the interest rate payable on AmeriCredit's secured claim under the Modified Plan. However, such modification shall have no post-bankruptcy affect and any remaining amount due under the terms of the Contract shall be due pursuant to state contract law at the conclusion of the Modified Plan.

AmeriCredit argues that *In re Williams*, 367 B.R. 625 (Bankr. N.D. Ill. 2007) properly determined that a debtor not eligible for a discharge cannot change the payments or interest rates due under the terms of a contract with a secured claimant. In *Williams*, the court determined that § 1325(a)(5)(B)(i)(I)(aa) applies to the treatment of an automobile lender's secured claim under the Chapter 13 plan of a debtor who is not eligible for a discharge. In denying confirmation, the court found that the terms of an automobile lender's contract govern the treatment of that secured creditor's 910 claim.

The facts and issues presented in *Williams* are substantially similar to the matter before the Court. AmeriCredit, the purchase-money automobile lender holding a 910 claim, objected

-4-

to confirmation of the debtor's plan. The issue presented to the *Williams* court was what does "payment of the underlying debt determined under nonbankruptcy law" mean and whether it must be complied with where a debtor cannot receive a discharge. 11 U.S.C. § 1325(a)(5)(B)(i)(I)(aa). AmeriCredit argued that the contract rate of interest was the interest rate that applied under nonbankruptcy law. The debtor responded that a debtor may, pursuant to 11 U.S.C. § 1322(b)(2), "modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property . . . ." *Id.* at 628. The ability to "'modify the number, timing, or amount of the installment payments from those set forth in the debtor's original contract is perfectly clear.'" *Id.* (*quoting Till v. SCS Credit Corp.*, 541 U.S. 465, 475 (2004)).

The *Williams* court determined that a debtor could not use the Supreme Court's *Till* decision or "prime plus risk" formula approach to reduce the amount of interest due to a secured creditor that held a 910 claim. *Id.* Rather, the court took a narrow view of *Till* and stated that the debtor was "stretching *Till* to fit a statute that it was not written to cover." *Id.* The court provided, if Congress meant § 1325(a)(5)(B)(i)(I)(aa) to be interpreted as having the same meaning as § 1325(a)(5)(B)(ii) (the present value of a secured creditors claim which was at issue in *Till*), it would have used the same statutory language for both statutes. *Id.* at 628-29. On this basis, the *Williams* court determined that because the debtor was not eligible for a discharge, the debtor must comply with nonbankruptcy law by complying with the plain reading of the pre petition contract with the secured creditor. *Id.* at 629.

Conversely, the Debtors ask the Court to follow the more recent decision of *In re Hopkins*, 371 B.R. 324 (Bankr. N.D. Ill. 2007). *Hopkins* reviewed facts and an issue nearly identical to the

-5-

matters presented in the *Williams* decision, yet reached a conflicting result.[2] The court in *Hopkins*

held that a secured creditor's 910 claim that was fully secured retained a lien until the claim was

paid in full pursuant to § 1325(a)(5)(B)(i)(I)(aa). *Id.* at 327. However, how the debtor proposes

to pay the 910 claim under a Chapter 13 plan (the monthly payment, number of months, etc.) is

not dependent upon the pre-petition contractual agreement between the debtor and secured

claimant. *Id.* In essence, the court stepped away from *Williams'* narrow application of *Till*. As

discussed *infra*, *Hopkins* disagreed with *Williams* and concluded that "'debt determined under

nonbankruptcy law' is whatever amount the debtor owed the creditor under the contract at the

time the petition was filed." *Id.*

    *Hopkins* noted that *Williams'* interpretation of § 1325(a)(5)(B)(i)(I)(aa) was simply

"incorrect." *Id.* at 326. This Court concludes that the *Hopkins* approach is the better view and

that the *Till* decision should not be narrowly applied as in *Williams*. Section 1322(b)(2) of the

Code permits a Chapter 13 plan (regardless of whether the debtor is eligible for a discharge) to

"modify the rights of holders of secured claims, other than a claim secured only by a security

interest in real property that is the debtor's principal residence[.]" 11 U.S.C. § 1322(b)(2).

*Williams*, in effect, nullified a debtor's modification power provide by the Code in § 1322(b)(2).

Section 1325(a)(5)(B)(i)(I)(aa) says nothing about the rights of secured creditors other than how

long those creditors can retain their lien. "Nor does any other part of section 1325(a) prohibit a

debtor from employing section 1322(b)(2) to modify the rights of secured creditors" (other than

claimants secured only by security interests in real property that is the debtor's principal

---

[2] The secured creditor in *Hopkins and Williams* is AmeriCredit, the same secured creditor
that has objected to the Debtors' Modified Plan in the instant case.

-6-

residence). *Hopkins*, 371 B.R. at 326. *Hopkins* also provided, "[n]othing in section 1325(a)

renders section 1322(b)(2) irrelevant when '910 vehicles' are involved." *Id.* at 327 (citing *In re*

*Trejos*, 352 B.R. 249, 263 n.25 (Bankr. D. Nev. 2006) (noting that the hanging paragraph has no

effect on § 1322(b)(2), and "debtors may still stretch out maturity dates, alter payment schedules

and propose modified interest rates"); *In re Johnson*, 337 B.R. 269, 273 (Bankr. M.D. N.C. 2006)

(stating that "a plan may still modify the term of the loan and the interest rate, even if bifurcation

is not allowed")). The Court agrees with this line of cases and reasoning.

After *Hopkins*, AmeriCredit, in the third reported case, presented the very same issue to

the Bankruptcy Court for the Central District of Illinois in *In re Lilly*, 378 B.R. 232 (Bankr. C.D.

Ill. 2007). In *Lilly*, the court agreed with *Hopkins*, in part, finding that "the lien retention

provision of Section 1325(a)(5)(B)(i) does not override or cancel out a debtor's power to modify

the terms of the contract under Section 1322(b)(2) and cram down a secured creditor at the *Till*

*rate* under Section 1325(a)(5)(B)(ii)." *Id.* at 235. However, *Lilly* disagreed with *Hopkins'*

interpretation of the phrase "debt determined under nonbankruptcy law." *Id.* at 236. Rather, the

*Lilly* court opted to find that when a debtor does not receive a discharge, any modifications to a

creditor's rights imposed in a plan are not permanent and have no binding effect once the term

of the plan ends. *Id. (citing In re Holway*, 237 B.R. 217 (Bankr. M.D. Fla. 1999) (tax debt

continued to accrue interest and penalties postpetition where debtor did not receive Chapter 13

discharge); *In re Place*, 173 B.R. 911 (Bankr. E.D. Ark. 1994) (where Chapter 13 case was

dismissed without discharge, accrual of interest on tax debt was not affected by pendency of

bankruptcy case)). The court provided that "a debtor who will not receive a discharge is not

required to pay in full during the plan the entire balance of the secured creditor's debt as

-7-

determined under state law. Rather, [the debtor] is permitted to exercise her right to modify and pay the claim using the lower *Till* rate." *Id.* at 237. However, the debtor "remains liable for, and the collateral continues to secure, the remaining balance determined with interest at the contract rate, after she exits bankruptcy." *Id.*

The Court agrees with *Lilly*'s more thoughtful analysis of "debt determined under nonbankruptcy law." 11 U.S.C. § 1325(a)(5)(B)(i)(I)(aa). By holding a debtor liable for the remaining balance due at the conclusion of the debtor's Chapter 13 plan, *Lilly* respected the true meaning encapsulated in § 1325(a)(5)(B)(i)(I)(aa). The Debtors are therefore allowed to alter the terms of the Contract under the Modified Plan during its term because nothing in § 1325(a) trumps or overrides § 1322(b)(2). The Debtors have the right to modify the terms of the Contract pursuant to § 1322(b)(2) and the interest rate provided by the Debtors is appropriate under *Till*'s formula approach. However, the Debtors remain liable to AmeriCredit for any unpaid balance that remains outstanding at the time they exit bankruptcy absent a discharge under § 1328(a) or (b). In sum, the Court follows *Lilly*'s and *Hopkins*' rejection of *Williams*, but rejects *Hopkins*' interpretation of "debt determined under nonbankruptcy law."

Based on the foregoing, Americredit's objection is overruled and the Plan is confirmable with one modification in the Court's confirmation order to ensure AmeriCredit retains its lien until the full amount owed, as determined under nonbankruptcy law, is paid in full.[3] Thus, the following paragraph shall be added to the Court's confirmation order:

_____

[3] The Court notes that the Modified Plan lists Drive Financial as a secured creditor with a security interest in the Debtors' second automobile. Because Drive Financial has not objected, or otherwise joined in AmeriCredit's objection to confirmation, the Court finds that the Modified Plan is confirmable. Drive Financial has waived its right to object to confirmation and the treatment the Debtors have proposed in the Modified Plan.

-8-

AmeriCredit, as a secured creditor, shall retain its lien until the Debtors tender payment-in full of the underlying debt determined under nonbankruptcy law, and if the case is dismissed or converted, AmeriCredit shall retain its lien to the extent recognized by applicable nonbankruptcy law.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the Modified Plan, with the addition of the above referenced certain special terms, shall be confirmed and the objection of AmeriCredit is overruled.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

ENTERED:

DATE: _10/14/8_

_____
John H. Squires
United States Bankruptcy Judge

cc: See attached Service List

## SERVICE LIST

### Ray D. Harrison and Rose M. Harrison
### Bankruptcy Case No. 08 B 14865

Marilyn O. Marshall, Esq.
Chapter 13 Standing Trustee
224 South Michigan Avenue
Suite 800
Chicago, IL 60604

William T. Neary, Esq.
United States Trustee
219 South Dearborn Street
Room 873
Chicago, IL 60604

Patrick J. Semrad, Esq.
Robert J. Semrad & Associates
407 South Dearborn Street
Suite 400
Chicago, IL 60605

David J. Frankel, Esq.
Sorman & Frankel, Ltd.
203 N. LaSalle Street, Suite 2350
Chicago, IL 60601